JOHN SIEGLE

*v.*

EMMA RUSH.

*Opinion filed June 18, 1898.*

1. DRAM-SHOPS—*evidence that plaintiff warned defendant more than five years before suit is admissible.* In an action by a wife, under section 9 of the Dram-shop act, for injury to her means of support through sales of liquor to her husband, evidence that the plaintiff warned the defendant, more than five years before bringing suit, against selling liquor to him is admissible, although the recovery of damages is limited to sales made within such five years.

2. SAME—*sales of liquor made after warning are willful.* A sale of intoxicating liquor to a husband after the seller had been warned against it by the wife under threat of invoking the law may be regarded as willful, and such fact is proper for the consideration of the jury in determining the question of vindictive damages.

3. Same—*positive proof of numerous sales is not indispensable.* Where the ground of recovery charged is the sale of liquor which has caused habitual drunkenness, the proof should be such that the jury can say that the defendant has made sufficient sales to materially aid in producing the effect charged, but positive proof of numerous sales is not indispensable to such conclusion.

4. Instructions—*erroneous instruction is harmless if it does not mislead.* An instruction so drawn that the jury might believe it to be their duty to award exemplary damages, is not ground for reversal if the verdict cannot be regarded, under the evidence, as including more than actual damages.

*Siegle* v. *Rush,* 72 Ill. App. 485, affirmed.

Appeal from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Pike county; the Hon. Jefferson Orr, Judge, presiding.

W. E. Williams, and H. D. L. Grigsby, for appellant:

To recover under the ninth section of the Dram-shop act, it is necessary to show (1) a sale or gift of intoxicating liquor by the defendant, his agent, servant or lessee; (2) intoxication of the person to whom the liquor is so sold or given away; (3) injury resulting from such intoxication to the person, property or means of support of the party bringing the suit. *McMahon* v. *Sankey,* 133 Ill. 636; *Flynn* v. *Fogarty,* 106 id. 263.

Exemplary damages can be allowed unless actual damages are proved. *Holmes* v. *Nooe,* 15 Ill. App. 164.

The law distinctly bases the right to recover upon an injury to the person, property or means of support of the plaintiff, occasioned by the intoxication of the party to whom the liquor is furnished. *Fentz* v. *Meadows,* 72 Ill. 540; *Mayers* v. *Smith,* 25 Ill. App. 72.

The causing, in part, of habitual drunkenness should be such a contributing to that end that a reasonable mind would be able to see, after hearing all the evidence, that there was substantial aiding to bring about such consequences—that the quantity contributed was appreciable.

*Tetzner* v. *Naughton*, 12 Ill. App. 148; *Westphal* v. *Austin*, 39 id. 230, and 41 id. 648.

WILLIAM MUMFORD, for appellee:

Even if the intoxicants are not knowingly sold or furnished to the drunkard, the dram-shop keeper is, under the ninth section of the Dram-shop act, liable for all actual damages resulting from intoxication produced, in whole or in part, by any such liquors, the same as if they were knowingly sold to the drunkard. Dram-shop act, sec. 9; *Bates* v. *Davis*, 76 Ill. 223.

Means of support relate to the future as well as the present. *McMahon* v. *Sankey*, 133 Ill. 640.

Any injury suffered in consequence of intoxication may be recovered for, and it makes no difference that other things combined with intoxication to produce injury. *Schrader* v. *Crawford*, 94 Ill. 360; *King* v. *Haley*, 86 id. 108.

Incapacitating the husband from labor is ground for recovery. *Robinson* v. *Randall*, 82 Ill. 523.

Sales to a husband after notice will justify exemplary, upon proof of actual, damages. *Murphy* v. *Curran*, 24 Ill. App. 479.

Per CURIAM: After a careful consideration of this case we are unable to see any sufficient grounds for a reversal of the judgments below. The opinion of the Appellate Court by Mr. Presiding Justice HARKER contains a fair statement of the case and the grounds upon which the judgment of affirmance is based, and it will be adopted as the opinion of this court. It is as follows:

"This suit was brought by appellee under the ninth section of the Dram-shop act, to recover damages for injury to her means of support by reason of the habitual intoxication of her husband, caused by the sale of intoxicating liquor to him by the appellant and his agents. She recovered a judgment for $1750 against appellant. A reversal is asked upon the grounds that the court

erred in ruling upon the admissibility of testimony; that the evidence does not support a finding for the plaintiff; that the damages are excessive; that the court erred in giving instructions for the plaintiff, and that the instructions which should have been given for the defendant were refused.

"The evidence shows that five years before the commencement of the suit appellee was living with her husband and their one child at the village of Detroit, in the east part of Pike county. He owned and operated at that place a blacksmith and repair shop, and had an unpaid inheritance from his father's estate of between $3500 and $4000. There were no saloons in Detroit, and none were opened there during the five years immediately prior to the commencement of the suit. Appellant had a saloon in Barry, in the same county, and, with a brother, operated two at Pittsfield during the years 1893 and 1894. In 1892 appellee's husband began the excessive use of intoxicating liquor. The habit grew on him. He neglected his business. He dissipated his property, and before the commencement of this suit he had squandered his inheritance, had lost his shop and was left without any means of support. He had become an habitual drunkard, and an encumbrance instead of a support to his wife, who by her needle and by keeping boarders was supporting the family. Appellee testified that before her husband had acquired the habits of a drunkard he did a profitable business and provided well for her and the family. We see no reason for doubting the truthfulness of her statements in that regard. That she has been injured in her means of support to the extent of $1750 the evidence clearly shows.

"It is conceded that damages could not be recovered for sales made more than five years before appellee began her suit, but it was not error in the court to allow her to testify that prior to the five years she had accosted appellant upon the subject of selling liquor to her hus-

band, and that when he acknowledged to doing so she warned him to desist or she would put the law in operation against him. If she did so warn him, a sale subsequently made could be regarded as willfully made, and the fact would be a proper one to be considered by the jury in determining the question of vindictive damages. We do not think the verdict can be regarded as including more than actual damages, but at the time the testimony was offered it was proper to go to the jury.

. "It is most earnestly urged that the proofs do not show that appellant made sales of liquor to appellee's husband which materially aided in producing his habitual drunkenness. Where the ground for recovery charged is the sale of liquor which has caused habitual drunkenness, the proofs should be such that the jury can say that the person charged has sold a sufficient number of times to materially aid in bringing about the state of habitual drunkenness. Positive proof of numerous sales is not indispensable, however, to bring them to that conclusion. In this case a careful review of the testimony brings us to the belief that much of the liquor used by appellee's husband during the years 1892, 1893 and 1894 was procured at the saloons of appellant. Jugs and packages of liquor were frequently brought to him by express and by the mail carrier from appellant's saloons at Pittsfield. It is claimed that neither appellant nor his bar-tenders knew that the liquor was for him, and that the person who procured it did not state the name of the purchaser. While we do not think appellant could escape liability for actual damages by showing that the sales were not knowingly made to appellee's husband, we are led to the belief, from all the facts and circumstances in proof, that neither the appellant nor his bartenders were so ignorant upon that matter as counsel would have us believe. The mail carrier, who procured a jug or two of liquor per week for Rush, was forced to admit, reluctantly, that he sometimes told the bar-tender

the particular brand that Rush wanted. Appellee, herself, testified to hearing her husband order from appellant a gallon of his best whisky and seeing him pay for it.

"We see nothing seriously wrong with the instructions given for the plaintiff. The seventh is subject to the greatest criticism, but as that can be regarded as objectionable only for the reason that it might lead the jury to infer that it was their duty to award exemplary damages, and we do not regard the damages awarded as including more than actual damages, no harm was done by giving it.

"No error was committed in refusing or modifying instructions offered by the defendant."

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*