## Acquilla I. Brown, Appellee, v. J. E. Moudy et al., Appellants.

### (Not to be reported in full.)

Appeal from the Circuit Court of Franklin county; the Hon. WILLIAM H. GREEN, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 17, 1916. Rehearing denied May 25, 1916.

## Statement of the Case.

Action under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), by Acquilla I. Brown, plaintiff, against J. E. Moudy, Walter Satera, A. G. Rinehart and Charles Gualdoni, defendants, for damages for injury to plaintiff's means of support as the result of the sale of intoxicating liquor to plaintiff's husband. From a ver-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

dict for plaintiff against defendants Satera, Rinehart and Gualdoni, such defendants appeal.

Plaintiff's husband with his family moved to the Town of Sesser, in Franklin county, about the month of September, 1908, and at that time he was about fifty years of age. Prior to moving thereto he was a school teacher and farmer, but had never accumulated any property to speak of. He had had a good deal of sickness in his family, which involved a considerable expense for a man of his means. Prior to his moving to Sesser he was a man of good habits, steady, industrious, and had furnished his family a comfortable support. About the month of March, 1909, after moving to Sesser, plaintiff's husband with his son, Raymond Brown, engaged in the butcher business until February 20, 1911. Their bank account introduced in evidence showed that their business was reasonably prosperous, and that during the period of two years it amounted to more than $25,000. On February 20, 1911, plaintiff's husband bought out his son's interest in the business and ran the business alone until about October 1, 1911, when the son bought out the father.

It further appeared that some time after engaging in the butcher business plaintiff's husband began the use of intoxicating liquors; that he purchased said liquors of defendants and that the habit of drinking grew on him until it affected him to the extent that he neglected his business, and was frequently intoxicated to such an extent that he had to be assisted home. It also appeared that the trips to the saloon of defendants were of frequent daily occurrences and that at times it would be necessary for those in charge of the shop to go to the saloon for the purpose of bringing plaintiff's husband back to the shop to look after his business; that the butcher business conducted by plaintiff's husband ran down, and that finally he closed the same out and soon disposed of the funds derived therefrom, amounting to something like $1,200.

It further appeared that in a fit of intoxication plaintiff's husband shot and killed a man and was incarcerated in the county jail for several months awaiting his trial.

The court gave the following instructions for plaintiff:

"The jury are instructed as a matter of law that the fact, if it is a fact, that the plaintiff did, during the time it is charged in her declaration that the defendants sold and gave intoxicating liquors to her husband, which caused his habitual intoxication, engage in keeping boarders or carried on the business of conducting a millinery store, will constitute no defense whatever for the sale or gifts of intoxicating liquors to her husband, causing his habitual intoxication, provided you find from a preponderance of the evidence that the defendants did make such sales which resulted in such intoxication.

"You are instructed that every dramshop keeper is expressly prohibited by the statute of the State from selling or giving intoxicating liquor to a person who is at the time of such sale or gift in an intoxicated condition; and if you believe from a preponderance of all the evidence in this case that the defendants did repeatedly sell or give intoxicating liquors to plaintiff's husband when he was in an intoxicated condition, and if you further believe from the evidence that such sale or gifts of intoxicating liquors resulted in injury to plaintiff's means of support, then such sale or gifts of intoxicating liquors may be regarded by you as wilfully and wantonly made.

"You are instructed that it is expressly contrary to the statute of Illinois for any person to sell or give intoxicating liquors to a person known to be an habitual drunkard; and if you find from the evidence in this case that the defendants, well knowing that plaintiff's husband was an habitual drunkard, and that after having such knowledge did continue to sell or give him

intoxicating liquors, which caused him to remain and be intoxicated, then such sales would be regarded by the law as having been wilfully and wantonly made, and will lay a proper foundation for the awarding of exemplary damages."

LAYMAN & JOHNSON, W. H. NELMS and F. P. DRENNAN, for appellants.

F. M. GUINN and ROBERT E. HICKMAN, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

## Abstract of the Decision.

1. INTOXICATING LIQUORS, § 229*—*when evidence sufficient to sustain finding that wife injured in her means of support due to intoxication of husband.* In an action under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), by a wife against saloon keepers for damages for injury to her means of support, evidence *held* sufficient to sustain a verdict for plaintiff.

2. INTOXICATING LIQUORS, § 172*—*when wife injured in her means of support by intoxication of husband.* A wife is injured in her means of support due to the intoxication of her husband when her husband's ability to furnish her with the comforts of life is lessened or destroyed, although she may not be deprived of the bare necessities of life.

3. HUSBAND AND WIFE, § 5*—*what is extent of duty of husband to support wife.* The duty of a husband to support his wife is not limited to the bare necessities of life, but it includes the comforts of life as well, and whatever is suitable to her situation and the husband's condition.

4. INTOXICATING LIQUORS, § 251*—*when instruction on damages for injury to support not improper as not based upon evidence.* In an action by a wife against saloon keepers under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), for damages for injury to her means of support due to the intoxication of her husband, an instruction that in estimating plaintiff's damages, if the jury found for plaintiff, they should take into consideration the extent to which plaintiff's husband neglected his business and the amount of money and property squandered by him, if proven in consequence of such

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

intoxication, so far as the evidence might enlighten the jury, *held* not erroneous because not based upon evidence where there was sufficient evidence that plaintiff's husband squandered and wasted his money.

5. INTOXICATING LIQUORS, § 249*—*when instruction not improper as assuming that sales or gifts of liquor constituted cause of action.* In an action by a wife for damages for injury to her means of support due to the intoxication of her husband, under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), an instruction that the fact that plaintiff did, during the time it is charged in her declaration that defendants sold and gave intoxicating liquors to her husband which caused his habitual intoxication, engage in keeping boarders or in conducting a millinery business, did not constitute any defense to the sale or gifts of intoxicating liquors to her husband, causing his habitual intoxication, provided the jury found from a preponderance of the evidence that defendants did make such sales which resulted in the intoxication, *held* not erroneous as assuming that the alleged sales or gifts of intoxicating liquors constituted the cause of action, instead of the intoxication caused by the same.

6. INTOXICATING LIQUORS, § 251*—*when instruction on damages for injury to means of support of wife not erroneous.* In an action by a wife for damages for injury to her means of support due to the intoxication of her husband, under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), an instruction that in order to sustain a claim for injury to her means of support it was not necessary to show that the wife had been actually without support or had been at any time, in whole or in part, deprived of means of support, but that means of support relate to the future as well as to the present, and that it was sufficient if she show that the sources to her future support had been cut off or diminished below what was reasonable and competent for a person in her station in life, and below what they otherwise would have been *held* proper.

7. INTOXICATING LIQUORS, § 233*—*what damages recoverable by wife for loss of means of support.* The damages for injury to means of support which a wife may recover because of the intoxication of her husband, under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), include future as well as present support, and it is sufficient if she show that the sources of her future support have been cut off or diminished below what is reasonable and competent for a person in her station in life and below what they would otherwise have been.

8. INTOXICATING LIQUORS, § 249*—*when instruction on liability for sale or gift of not erroneous.* Instructions in an action by a wife for damages for injury to her means of support, under the Dram-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

shop Act, sec. 9 (J. & A. ¶ 4609), *held* not open to the objection that they informed the jury that any sale or gift of intoxicating liquor to a person in an intoxicated condition must be regarded as wilfully and wantonly made, where such instructions did not attempt to direct a verdict and there was evidence to support them.