18434. BUCHANAN *v.* HEATH.

Argued January 11, 1954—Decided February 9, 1954—Rehearing denied February 24, 1954.

*George C. Kennedy,* for plaintiff in error.

*Lovejoy & Mayer,* contra.

Duckworth, Chief Justice. 1. The admission of facts filed by the plaintiff and admitted by the defendant in open court as

true, together with the oral testimony, proved the plaintiff's case as alleged in the petition, and the court erred in granting the nonsuit. A motion to nonsuit is in the nature of a general demurrer to the evidence, but does not go to any defect in the pleadings, and the only question to be determined is whether the evidence proves the case as laid. *Reeves* v. *Jackson,* 113 *Ga.* 182 (38 S. E. 314) ; *Kelly* v. *Strouse,* 116 *Ga.* 872 (4) (43 S. E. 280) ; *Clark* v. *Bandy,* 196 *Ga.* 546 (27 S. E. 2d 17) ; *Wright* v. *Roseman,* 209 *Ga.* 176, 183 (71 S. E. 2d 426). The allegations of the petition were that the cows were marked by tuberculin tags, and the evidence showed this; consequently the court erred in granting the nonsuit regardless of whether or not tuberculin tags are "marks and brands" within the meaning of the statute.

2. The ruling above makes it necessary that we rule on the question raised by the overruling of the general demurrer to the answer which, in effect, is a holding that the statute under attack is unconstitutional. But counsel for the plaintiff in error contends that no constitutional question was raised in the lower court, because (1) the defendant attempted to attack the constitutionality of the statute in his answer rather than by demurrer, and (2) the answer fails to raise the question properly in that it fails to point out the exact paragraph in the Constitution which the statute violates. While it is true, under Code § 81-303, that the defendant must raise all issues of law by proper pleadings, his answer may raise the question as to the constitutionality of a statute that will materially affect his defense. *Southern Cotton Oil Co.* v. *Raines,* 171 *Ga.* 154 (155 S. E. 484) ; *Southern R. Co.* v. *Wehunt,* 177 *Ga.* 444, 447 (170 S. E. 380). Compare *Mays* v. *Deraney,* 207 *Ga.* 617 (63 S. E. 2d 380). Certainly, if the statute under which this action is brought is unconstitutional, the defendant has a perfectly valid defense, and this contention of counsel is without merit. Nor is there any merit in the contention of counsel that the defendant's answer attacking the constitutionality of the Code sections fails to enumerate the exact section in the named article of the Constitution where the alleged clauses may be found. The question was properly raised by attacking specific Code sections as denying the defendant equal protection and due process of law as guaranteed by the Constitution of Georgia and the fourteenth amend-

ment of the Federal Constitution, and the answer clearly points out wherein the statute violates the constitutional provisions; and this court can not refuse to consider the question merely because it fails to point out the exact location of the due-process and the equal-protection clauses in the Constitutions.

Having thus decided that the constitutional question was properly raised, we now shall rule on that question. The section of the Code, § 94-707, providing that a section foreman shall be liable for double the value of the stock killed by the railroad upon his failure to post the required notice, not only makes him liable for the failure to report that of which he has knowledge, but goes beyond this to subject him to a liability for failing to report the killing of stock of which he has no knowledge, and this is a clear violation of the due-process clause regardless of the fact that the penalty shall be "recovered in the manner provided for the collection of other claims." While he is given notice and a hearing in a court of law, nevertheless his failure to post notice automatically makes him liable regardless of any mitigating circumstances which he might have as a defense; and this is a violation of the fundamental principles of private right, as the final result of such action will be the taking of private property without due process of law. See *Lloyd Adams, Inc.* v. *Liberty Mutual Ins. Co.*, 190 *Ga.* 633 (10 S. E. 2d 46).

It follows that the court did not err in overruling the general demurrer to the answer, since the claim of unconstitutionality in the answer is a valid defense to the action. This being true, no recovery could be had, under the law, by the petitioner. The invalidity of the statute makes it impossible for the plaintiff to obtain a valid verdict and judgment. Consequently the error in granting the nonsuit was harmless and does not authorize a reversal.

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., and Head, J., who dissent.*