(No. 34687.—

A. C. HUCKABA *et al.*, Appellants, *vs.* PAUL COX *et al.*, Appellees.

*Opinion filed May 21, 1958—Rehearing denied June 18, 1958.*

JACK AUSTIN, of Mattoon, (THOMAS J. LOGUE, of counsel,) for appellants.

MORAN, KLOCKAU, McCARTHY & JOHNSON, of Rock Island, and CRAIG & CRAIG, of Mattoon, (FRANK G. SCHUBERT, and LOREN J. KABBES, of counsel,) for appellees.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Plaintiffs, partners in a construction company, filed suit for property damages in the circuit court of Coles County against the owners of three taverns under the Liquor Control Act. They appeal from an order dismissing their amended complaint, contending that section 14 of article VI of the act, as amended by H. B. 834 (Ill. Rev. Stat. 1957, chap. 43, par. 135) is unconstitutional.

On October 6, 1956, suit was filed under the act for damages to their property alleged to have occurred on July 27, 1955, as a result of the intoxication of one Paul R. McNabb, which intoxication is alleged to have been caused by the defendants. The complaint alleges that McNabb, disregarding warning and safety devices, drove through a steel barricade and collided with road building equipment of the plaintiffs and severely damaged same. Two of the defendants, later joined by the other two, filed a motion to dismiss the complaint on the ground that the action was barred because it was not filed within one year next after the cause of action accrued.

Prior to the 1955 amendment a two-year period of limitation was in effect. The amendatory act became effective July 1, 1956, (three months and five days before the plaintiffs filed their suit,) and reduced the limitation period to one year.

After defendants filed their motion, plaintiffs amended their complaint to allege that the act as so amended is unconstitutional in that it is vague, indefinite, uncertain, unintelligible, and without meaning in failing to state against whom the cause of action for loss of means of support will lie, in contravention of article III of the Illinois constitution; and that because of this uncertainty it violates the due process clauses of the State and Federal constitutions. The complaint further alleges that the invalid portion of the statute cannot be separated from the remainder, thereby rendering the whole act unconstitutional; and that the act remains in force and effect as it was prior to the adoption of such amendment.

The trial court allowed defendants' motion to dismiss, finding that the act as amended is constitutional and valid; and that since the plaintiffs failed to commence their action within the one-year-limitation period their action was barred. The court entered judgment against plaintiffs for costs.

Defendants contend that the plaintiffs cannot contest the validity of the statute in question since their constitutional attack is against the loss-of-means-of-support provision and does not affect their cause of action for damages to property. Plaintiffs, on the other hand, contend that the portion of the statute complained of is of such character as to render the act void in its entirety. In support of their position, the defendants refer to the well settled rule that a court will consider the validity of a statute only at the instance of the parties directly affected by its invalidity. However, the same rule also provides that if the unconstitutional feature is of such a character as to render the entire act void this court will entertain objections against its validity. *People v. Reiner,* 6 Ill.2d 337; *Du Bois v. Gibbons,* 2 Ill.2d 392; *People v. McBride,* 234 Ill. 146, 166.

Although we recognize that plaintiffs' attack is tempered by their desire to avail themselves of the two-year period of limitations, their contentions are of such character that, if sustained, they would render the entire statute void. Under the circumstances, plaintiffs' day in court will not be denied. Plaintiffs argue that that part of the act as amended providing an action for loss of means of support is incomplete, vague and uncertain in that it fails to state against whom or what class of persons or property the action will lie. They further argue that a person is unable to ascertain his rights from a reading of the act as amended, and the failure to designate the class of persons or property upon whom the liability for loss of means of support will fall renders the entire act incomprehensible and ambiguous. They assert that upholding the validity of the amendatory act would constitute legislation and thereby violate the separation of powers article of the constitution.

Plaintiffs rely upon such cases as *Krebs v. Thompson,* 387 Ill. 471, and *Parks v. Libby-Owens-Ford Glass Co.* 360 Ill. 130, which hold generally that an act to be valid must

be complete, and if it is indefinite and uncertain it is unconstitutional. We find no fault with the rule in these cases as abstract statements of the law, but in our view the statute in question does not violate the rule.

That part of the statute (par. 135) of which plaintiffs complain reads as follows: "An action will lie for injuries to means of support, caused by an intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, resulting as aforesaid. Such action shall be brought by and in the name of the person injured or the personal representative of the deceased person, as the case may be, from whom said support was furnished, and the amount recovered in every such action shall be for the exclusive benefit of the person or persons injured in loss of support, and shall be distributed to such persons in the proportions determined by the judgment or verdict rendered in said action." Plaintiffs have lifted the quoted portion of the act referring to loss of means of support from the body of the statute so that it would appear therefrom to be incomplete and vague and lacking in meaning, thereby rendering the entire statute null and void.

Consideration of the whole of section 14 of article VI (par. 135) refutes such argument. The first sentence of the quoted portion creates the right of action for injuries to means of support. The following sentence states in whose name the action shall be brought. The way, manner and form of bringing the action is the same as in other civil actions. Plaintiffs' doubts as to the class of persons or against whom said action will lie are dispelled by the first sentence of section 14 itself which reads in part: "* * * against any person or persons who shall, by selling or giving alcoholic liquor, have caused the intoxication, in whole or in part, of such person; and any person owning, renting, leasing or permitting the occupation of any building or premises, and having knowledge that alcoholic liquors are to be sold therein, or who having leased the

same for other purposes, shall knowingly permit therein the sale of any alcoholic liquors that have caused, in whole or in part, the intoxication of any person, shall be liable, severally or jointly, with the person or persons selling or giving liquors aforesaid, * * *."

It is a cardinal rule of statutory construction that the intent and meaning of a statute are to be determined from the entire statute. A statute is passed as a whole and not in parts. Each section and provision should be construed in connection with every other part or section. (*People* v. *Continental Illinois Nat. Bank and Trust Co.* 360 Ill. 454.) In *Scofield* v. *Board of Education,* 411 Ill. 11, we said, at page 15: "It is a generally accepted principle of statutory construction, and has been so held by this court many times, that in construing a statute or determining its constitutionality, all its sections are to be construed together in the light of the general purpose and plan, the evil intended to be remedied, and the object to be obtained, and if the language is susceptible of more than one construction, the statute should receive the construction that will effect its purpose rather than defeat it."

By reading all of section 14 of article VI (Ill. Rev. Stat. 1957, chap. 43, par. 135) we do not find the statute to be indefinite for the reasons assigned by plaintiffs and encounter no difficulty in determining against whom the cause of action for loss of means of support will lie. Therefore, it will not be necessary for the courts to supply omissions to or remedy defects in the act in this regard and the judiciary will not be guilty of usurping the functions of the legislature in violation of article III of the constitution.

We hold, therefore, that insofar as the plaintiffs' specific objections are concerned, the act does not violate either the Federal or the Illinois constitution.

The judgment order of the circuit court of Coles County is affirmed.

*Judgment affirmed.*