24094. ANDERSON et al. v. DeLOACH et al.

SUBMITTED JUNE 12, 1967—DECIDED JULY 6, 1967.

*William J. Neville,* for appellants.
*Allen & Edenfield, Francis W. Allen,* for appellees.

GRICE, Justice. Complained of here is the denial of the defendants' oral motion to dismiss a petition growing out of a church controversy. The petition was filed in the Superior Court of Bulloch County by B. DeLoach and 27 other persons, against Harvey Anderson and three others. It alleges in essence that the plaintiffs are a majority of the membership of DeLoach Primitive Baptist Church which is congregational in form, and that the defendants are former members who were excluded therefrom in accordance with the church's Rules of Decorum. The petition sought temporary and permanent injunctive relief to prevent further use by the defendants of the church property except for specified purposes.

A hearing on the temporary injunction was held before the trial judge. The plaintiffs submitted both oral and documentary evidence. The defendants, while not offering any witnesses of their own, cross examined those of the plaintiffs. Upon conclusion of the evidence the defendants moved to dismiss the petition on the ground that the plaintiffs' evidence did not establish the allegations of the petition in four stated particulars, which are not necessary to recite here.

Upon denial of the defendants' motion to dismiss, the trial judge declined to grant any injunctive relief, but gave certain directions as to the use of the property pending a jury trial of

the issues, and also made a plea that, in the meantime, the parties resolve their differences within the church rather than in the courts.

The denial of the motion to dismiss was not erroneous.

While the defendants denominated this motion, made at the close of the plaintiffs' evidence, as one to dismiss the petition, it was in effect one for nonsuit. In this connection, see *Code* § 110-310; *Kelly v. Strouse & Brothers*, 116 Ga. 872 (4b) (43 SE 280); *Clark v. Bandy*, 196 Ga. 546, 559 (27 SE2d 17); *Buchanan v. Heath*, 210 Ga. 410, 411 (80 SE2d 393); *Edmonds v. Atlanta Newspapers, Inc.*, 92 Ga. App. 15 (87 SE2d 415).

Treating the motion, then, as one for nonsuit, we must conclude that even if the plaintiffs' evidence on the interlocutory hearing failed to established the allegations of their petition, such failure would not afford a basis to terminate the suit. On an interlocutory hearing the trial judge has no authority to grant a nonsuit as that is a final adjudication of the facts. He may pass upon the facts only so far as to determine whether the evidence authorizes the grant or refusal of the interlocutory relief sought. *Kight v. Gilliard*, 214 Ga. 445 (2), 447 (105 SE2d 333), and citations. The case remains in court for a jury trial on the issues made by the prayer for permanent injunction.

For the reasons above stated the judgment denying the motion to dismiss the petition is

*Affirmed. All the Justices concur.*