37742, 37743. REEVES v. BRIDGES; and vice versa.

CLARKE, Justice.
These appeals raise two issues: (1) whether Code Ann. § 105-1205, which provides a cause of action for the parent of a minor child against a person who sells or furnishes spiritous liquors to the minor, is constitutional; (2) whether intent to sell to a minor is an essential element for recovery under the statute. We hold the statute constitutional and hold that intent to sell to a minor is required.

The plaintiff in this case is the father of Barry Bridges who was 15 years of age at the time the act complained of occurred. Young

Bridges used a temporary driver's license issued to his older brother to establish his age when buying a pint of whiskey at a liquor store owned by defendant Reeves. A portion of the liquor was consumed by the driver of an automobile in which Bridges was a passenger. A wreck occurred, and Bridges was injured. The plaintiff sued Reeves, basing his action on Code Ann. § 105-1205:

"A father, or if the father is dead, a mother, shall have a right of action against any person who shall sell or furnish spiritous liquors to his or her child under age, for his own use and without the said parent's permission."

Each party moved for summary judgment. The trial court denied Reeves' motion for summary judgment, holding that his constitutional defenses were without merit. Bridges had moved for partial summary judgment on the question of liability. The court also denied Bridges' motion for partial summary judgment on the question of liability and specifically ruled that the plaintiff is required to prove that the defendant or his agent knew or should have known of the age of the minor involved. In its order, the trial court found that three defenses were available to the defendant: "(1) that he violated no duty to this plaintiff either statutory or otherwise; (2) that any sale or furnishing of spiritous liquors, if the same were made, were made without knowledge or reason to know that the minor involved was, in fact, a minor and that, consequently, there existed no intent to violate any duty owed to this defendant; (3) that irrespective of any injury caused to the minor involved that no action of this defendant proximately caused or contributed to said injury or to any alleged injury or damages to this plaintiff."

In effect, the trial court was imposing scienter as a necessary element for recovery under § 105-1205. The further effect of the court's order was to impose a requirement of proof of proximate cause.

The sale of liquor is a privilege and not a right in this state. Code Ann. § 58-1068. This fact serves to distinguish the case at hand from those cited by Reeves. *Frankel v. Cone,* 214 Ga. 733 (107 SE2d 819) (1959), relied upon by Reeves, concerned a statute which made the owner of a motor vehicle liable for any death or injury to persons or property as a result of negligence in the operation of the vehicle if operated for the benefit of the owner or used in the promotion of the business of the owner. The court held the statute unconstitutional as it would deprive a defendant of property without due process of law and would authorize a recovery without liability. In so holding, the court relied upon *Buchanan v. Heath,* 210 Ga. 410 (80 SE2d 393) (1954). In *Buchanan* the court struck down a statute imposing liability upon a section foreman who failed to post notice of marks

and brands of stock killed by the railroad. The court found the statute unconstitutional in that it made defendant liable for failure to report killing of stock of which he had no knowledge. Reeves also cites this court's opinion in *Corley v. Lewless,* 227 Ga. 745 (182 SE2d 766) (1971), in support of his contention that Code Ann. § 105-1205 is unconstitutional. In *Corley v. Lewless,* this court declared Code Ann. § 105-113, which made a parent or person in loco parentis liable for the wilful torts of his minor children, unconstitutional.

Code Ann. § 105-1205 first appeared in Georgia's law as § 2952 of the Code of 1863 and has been amended only to change the word "son" to the word "child." We have not found a case in which the court considered the question of a scienter requirement or whether, in the absence of such a requirement, the statute would be unconstitutional. Although the license to sell liquor is a privilege rather than a right, at common law, the tavern owner enjoyed an immunity from liability from the results of his serving intoxicants. *Belding v. Johnson,* 86 Ga. 177 (12 SE 304) (1890). However, under special statutes, "Dram Shop" or civil liability acts, some states impose liability, with no requirement of a showing of negligence, when a sale of intoxicating beverages results in harm. This application of strict liability has been found to be constitutional. Pierce v. Albanese, 144 Conn. 241 (129 A2d 606) (1957), appeal dismissed, 355 U. S. 15; Huckaba v. Cox, 14 Ill.2d 126 (150 NE2d 832) (1958); Prosser, Law of Torts, § 81 at 538 (4th ed. 1971). The imposition of strict liability for injury resulting from the sale of liquor has been found to be constitutional on the basis that the state enjoys a particularly broad police power as a result of the Twenty-first Amendment to the United States Constitution, repealing prohibition. Ziffrin, Inc. v. Reeves, 308 U. S. 132 (60 SC 163, 84 LE 128) (1939). Under this exercise of the police power, the legislature may impose strict liability in contravention of accepted principles of common law liability without a violation of constitutional principles. Pierce v. Albanese, supra, 129 A2d at 612.

Although the imposition of strict liability upon one who sells or furnishes liquor to a minor child would not be unconstitutional, we do not find that the legislature intended to impose strict liability in enacting Code Ann. § 105-1205. We have no general rule of strict liability in Georgia. *Ford Motor Co. v. Carter,* 239 Ga. 657 (238 SE2d 361) (1977). Our statutes which have attributes of strict liability are strictly construed, and we will not read strict liability into a statute when the intent of the legislature is not perfectly clear. Also compelling is the fact that the statute which is under consideration here dates back to 1863, long before the advent of any strict liability in Georgia.

Code Ann. § 105-1205 has been found to be an action for indirect injury to the person and analogized to actions for such torts as abducting or harboring the wife of another, alienation of affection, adultery or criminal conversation, seduction of a daughter, or gaming with the minor son of another. *Hosford v. Hosford,* 58 Ga. App. 188 (198 SE 289) (1938); *Edwards v. Monroe,* 54 Ga. App. 791 (189 SE 419) (1936). Under the statute, selling or furnishing liquor to the minor child of another is an intentional tort. It is almost redundant to state that an essential element of an intentional tort is intent to commit the act. Restatement, Second, Torts § 8A (1965), defines intent as the actor's desire to cause the consequences of his act or as his belief that the consequences are substantially certain to result from it. In this case, the prohibited act is furnishing or selling liquor to the minor child of another. An essential element of plaintiff's proof is proof of intent to do the act, which must include proof of the intent to sell to a minor. In the absence of a showing that defendant either knew or should have known that Barry Bridges was a minor, plaintiff cannot make out a case for liability under the statute.

*Judgment affirmed. All the Justices concur except Weltner, J., not participating.*

DECIDED NOVEMBER 19, 1981 —
REHEARING DENIED DECEMBER 15, 1981.

*Powell, Goldstein, Frazer & Murphy, Nicholas P. Chilivis, Kenneth G. Menendez, Carlisle & Newton, John R. Carlisle,* for appellant.

*James I. Parker, Smalley, Cogburn & Flynt, Robert H. Smalley, Jr.,* for appellee.