**John Hernandez, Plaintiff-Appellant, v. Domingo Diaz, et al., Defendants-Appellees.**

### Gen. No. 48,971.

First District, Second Division.

January 7, 1964.

Scheffres, Allen & Hodes, of Chicago (Sheldon Hodes and Alan J. Scheffres, of counsel), for appellant.

Heineke, Conklin & Schrader, of Chicago (William H. Schrader, of counsel), for appellees, John Maluta, Hanna Kabaker, Sheldon S. Kabaker and Raymond H. Kabaker. Brody & Gore, of Chicago (Robert L. Brody, of counsel), for appellees, Anselmo Zunigo, Helen Zunigo and Carlos Avila. McKinley & Price, of Chicago (Louis Dennen, of counsel), for appellee, Enrique Venegas.

MR. PRESIDING JUSTICE BRYANT delivered the opinion of the court:

This is an appeal from a final order of June 28, 1962, dismissing defendants under count one of an action based upon section 135 of the Dram Shop Act (Ill Rev Stats 1961, c 43, § 135) and entering judgment thereon.

The question before the court is whether the 1955 amendments to the Dram Shop Act eliminated a cause of action by a person injured "in consequence" of the intoxication of any person when such action is brought directly by the person injured for his own damages and not by one suing for loss of support.

In the early morning of September 16, 1956, John Hernandez, the plaintiff, was seated in a Chicago "lounge." Four men, who were not known to Hernandez, entered. After purchasing drinks, the four men, who were intoxicated, became rowdy and offensive and began throwing bottles and other objects. One, John Brown, a guard hired by the owners of the "lounge," at the request of the bartender, asked the four rowdies to leave. When they became threatening he pulled out a revolver and in the ensuing struggle a shot was fired which struck plaintiff in the abdomen.

Plaintiff brought an action under the Dram Shop Act in count one against the owners of the "lounge" and also against certain other individuals—owners of the bars where the four rowdies had previously been drinking. Count two was in common law assault against Domingo Diaz, the operator of the "lounge," and against Ability City Patrol Service and Detective Agency, Incorporated, the employer of John Brown.

The relevant parts of section 135 before the 1955 amendments read as follows:

> "Every husband, wife, child, parent, guardian, employer or other person, who shall be injured, in person or property, or means of support, *by* any intoxicated person, or *in consequence of* the intoxication . . . of any person, shall have a right of action in his or her own name . . . against any person or persons who shall, by selling or giving alcoholic liquor, have caused the intoxication, in whole or in part, of such person . . ." Ill Rev Stats 1955, c 43, § 135.

The relevant parts of section 135 after the 1955 amendments are as follows:

> "Every person, who shall be injured, in person or property *by* any intoxicated person, shall have a right of action in his or her own name . . .

435

against any person or persons who shall, by selling or giving alcoholic liquor, have caused the intoxication, in whole or in part, of such person; . . ." Ill Rev Stats 1961, c 43, § 135.

It is the contention of plaintiff that an action under section 135 of the Dram Shop Act could have been maintained prior to the 1955 amendments under the "in consequence" theory by a party who was injured suing in his own behalf and not for loss of support. (Klopp v. Benevolent Protective Order of Elks, Lodge No. 281, 309 Ill App 145, 33 NE2d 161.) Plaintiff points out, however, that this particular use of the "in consequence" theory was very rare—occurring usually in cases where the intoxicated person had committed suicide. Whiteside v. O'Connors, 162 Ill App 108; Jack v. Prosperity Globe Co., 147 Ill App 176. The great majority of "in consequence" cases were brought by dependents of the intoxicated person who had been injured because of the incapacitation of the intoxicated person. King v. Haley, 86 Ill 106; Appleman, Illinois Dramshop Briefs, page XIX, (2d Ed 1960). These cases were for injury to means of support.

In 1955 the Illinois legislature completely revamped the 1874 Dram Shop Act as rewritten in 1934. Both parties mention that the legislature had available before them the prior judicial interpretations of the Act. Plaintiff contends that the original section 135, allowing actions by the injured party himself under both the "in consequence of" the intoxication theory and "by" any intoxicated person theory, was split only for evidentiary purposes. He points out that the courts had consistently held that the causal connection was different in the two theories and that the legislature acted only logically in separating them according to burden of proof.

436

This, however, does not explain why the legislature omitted the term "in consequence of" in new section 135 where it speaks of the remedies of "every person, who shall be injured." In the absence of any hearings showing the intent of the legislature, yet with the knowledge that it was familiar with the past judicial interpretations of the act we must conclude that the legislature deliberately omitted the theory upon which plaintiff relies.

Plaintiff contends that to hold as we do would create an anomaly in the law. He points to the general purpose of the act, which was not altered in the 1955 revisions, and which states:

> "This act shall be liberally construed, to the end that the health, safety and welfare of the People of the State of Illinois shall be protected and temperance in the consumption of alcoholic liquors shall be fostered and promoted by sound and careful control and regulation of the manufacture, sale and distribution of alcoholic liquors." (Ill Rev Stats, c 43, § 94.)

He further states that the revisions in general in 1955 were toward liberalizing recovery. These revisions allowed insurance companies whose insured have suffered injury at the hands of an intoxicated person and whom they have paid can now recover against the owner and operator of the dram shop as subrogee of the insured; and bodies politic can now recover for damage to their property.

■■ On the contrary we believe that these changes remove anomalies in the old law and merely give rights to certain entities which they would possess in any other kind of an action. Beyond this it must be mentioned that the 1874 Act and the later amendments were considerably more stringent than legislation of a similar character enacted in other

437

states (see 1958 Illinois Law Forum 175, 180), and the whole history of the amendments to the act has been to lessen liability. The defendant points out that the provisions that dram shop keepers post a surety bond in a certain penal sum, conditioned upon the payment of all damages sustained by reason of the sale or gift by them of intoxicating liquors; that liability be imposed upon such keepers to pay compensation to any person who should take charge of and support any person who might have become intoxicated by reason of such a sale; that exemplary damages may be recovered—all have been repealed.

As we mentioned above, without any legislative intention expressed which might show that the legislature was not further reducing the scope of the act, we can do no more than to give force to the express words of the statute and conclude that the legislature consciously eliminated the "in consequence" theory of recovery to an individual for injuries to his person.

Accordingly, the order of June 28, 1962, dismissing count one and entering judgment thereon is affirmed.

Affirmed.

BURKE and FRIEND, JJ., concur.

On Rehearing

FRIEND, J., concurs.

We did not deal with a possible recovery under the "by" theory in the original opinion because of ambiguous statements of waiver of the theory in the appellant's brief. Our opinion remains unchanged under an application of the "by" theory.

Appellant has called our attention to statements in various articles and dicta in recent cases to the effect that where the theory is "by" an intoxicated person there is no requirement of proximate cause between

438

the intoxication and the injury and that plaintiff need only prove the intoxicated person caused the injury by an affirmative tortious act. See, St. Clair v. Douvas, 21 Ill App2d 444, 452, 158 NE2d 642; Hocker v. O'Klock, 16 Ill App2d 414, 148 NE2d 815; Cope v. Gepford, 326 Ill App 171, 61 NE2d 394; Lousberg, Dram Shop: Injury to Property, 51 Ill BJ 810, 811. To rely upon these naked statements is to beg the issue. There is only one case in Illinois which has ever allowed Dram Shop recovery for personal injuries sustained through an intervening non-intoxicated cause. That case, Klopp v. Benevolent Protective Order of Elks, 309 Ill App 145, 33 NE2d 161, was decided under the "in consequence of" theory. We have been unable to determine to our satisfaction why the legislature eliminated the "in consequence of" cause of action from application to the personal injury case. We would be misusing our authority to reinstate by judicial fiat that which the legislature has perhaps consciously eliminated.

The "by" theory, in the face of statements to the effect that "proximate cause" is not required, has never been interpreted to go beyond a "direct affirmative tortious" act. The line has been and remains short of the facts of this case. On rehearing the judgment is affirmed.

BURKE, P. J., dissenting:

I concurred in the opinion. Since reading the petition for rehearing and again studying the briefs and authorities I have concluded that plaintiff stated a cause of action and that the judgment dismissing count one should be reversed and the cause remanded for further proceedings.

Plaintiff seeks recovery on the basis that he was injured "by" an intoxicated person as interpreted by the judicial decisions setting forth the element of a

"by" case. Under the reasoning in St. Clair v. Douvas, 21 Ill App2d 444, 158 NE2d 642, plaintiff is required to prove a chain of causal connection between the intoxication and the injury. This was the law prior to the 1955 amendment. There is a chain of causal connection between the serving of liquor to the four men in the various bars and the injuries to plaintiff. This chain can be shown to exist starting with the serving of liquor to the four men, which in turn led to their intoxication, which in turn caused them to become quarrelsome and to start the fight which led to the wounding of plaintiff. A jury of reasonable persons could find that the intoxication and fight caused the guard to pull the gun and fire at the men and inadvertently strike plaintiff. This evidence would establish a chain of causal connection between the intoxication and the injury which the courts have held to be necessary to show an injury "by" an intoxicated person under the Dram Shop Act.

The actual damages need not be inflicted by the intoxicant in a "by" case. The cause of action can arise from an outside factor so long as plaintiff can prove causal connection between the intoxication and the injury. In the case at bar the actual damage was inflicted by the guard firing the bullet. This does not mean that plaintiff was not injured "by" an intoxicated person. From a study of the amendment and the decisions I am convinced that the 1955 amendment was not intended or designed to bar an action by a party injured under the circumstances in which the plaintiff suffered injury. The Dram Shop Act is to be liberally construed to the end that the health, safety and welfare of the People of the State shall be protected. That the owners of the lounge were sensitive to the probable aggressiveness of their customers is shown by their hiring an armed guard. They should

440

not be allowed to escape liability on the theory that the injury was not actually inflicted by the intoxicant.

The spirit and intention of the General Assembly to protect innocent parties from the acts of drunkards is clearly expressed. If plaintiff was supporting a wife and family at the time he was shot, there is no doubt that they could recover for the loss of support, for Sec 135 states that an action shall lie for injuries to means of support, caused by an intoxicated person, or in consequence of the intoxication of any person. It would be inconsistent to rule that a man's dependents can recover and that he, no matter how innocent cannot recover. The courts have consistently held that they will not interpret a statute so as to have absurd consequences result therefrom. Harding v. Albert, 373 Ill 94, 25 NE2d 32.