(No. 38428.—

JOHN HERNANDEZ, Appellant, *vs.* DOMINGO DIAZ *et al.,* Appellees.

*Opinion filed Sept. 29, 1964.—Rehearing denied Nov. 23, 1964.*

SCHEFRES, ALLEN & HODES, of Chicago, (SHELDON HODES and ALAN J. SCHEFRES, of counsel,) for appellant.

HEINEKE, CONKLIN & SCHRADER, BRODY & GORE, and McKINLEY & PRICE, all of Chicago, (WILLIAM H. SCHRADER, ROBERT L. BRODY and LOUIS DENNEN, of counsel,) for appellees.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

In September, 1956 while John Hernandez, the plaintiff, was seated in a Chicago bar, four intoxicated men unknown to him entered, purchased drinks, and became rowdy and offensive. John Brown, the guard hired by the tavern owner, asked the four intoxicated men to leave but instead they became threatening and the guard pulled out his revolver, and in the scuffle that followed a shot was fired by the guard which struck the plaintiff. The plaintiff filed a complaint in two counts; count I being under the Dram Shop Act and against the owners of the tavern and other taverns in which the four men had been drinking and count II being a common-law assault action against the tavern owner and the detective agency who employed the guard. The trial court dismissed count I and entered judgment for the defendants. On appeal to the Appellate Court, First District, the judgment was affirmed. (*Hernandez* v. *Diaz,* 45 Ill. App. 2d 433.) This court granted leave to appeal.

This appeal presents two questions. First, did the 1955 amendments to the Liquor Control Act eliminate a cause of action by a person for his own injuries arising "in consequence of the intoxication * * * of any person"? Second, if such a cause of action was eliminated, did plaintiff state a cause of action for injuries "by any intoxicated person"?

The Appellate Court in its first opinion, unanimously held that when the 1955 legislature omitted the language "in

consequence of", in new section 14 of article VI of the Liquor Control Act, (Ill. Rev. Stat. 1963, chap. 43, par. 135) where it speaks of the remedies of every person who shall be injured, the legislature deliberately eliminated the theory on which plaintiff relies. Upon rehearing the majority adhered to the opinion. They stated: "The 'by' theory, in the face of statements to the effect that 'proximate cause' is not required, has never been interpreted to go beyond a 'direct affirmative tortious' act. The line has been and remains short of the facts of this case."

Here there is no contention that the guard was intoxicated and Judge Burke in dissenting said: "The actual damages need not be inflicted by the intoxicant in a 'by' case. The cause of action can arise from an outside factor so long as plaintiff can prove causal connection between the intoxication and the injury."

The dissent reasoned that although the actual damage was inflicted by the guard firing the bullet, it did not necessarily follow that the plaintiff was not injured by an intoxicated person. As there was a chain of causal connection between the serving of liquor to the four men in the various bars, the ensuing fight, and the wounding of plaintiff, the dissent pointed out:

"The spirit and intention of the General Assembly to protect innocent parties from the acts of drunkards is clearly expressed. If plaintiff was supporting a wife and family at the time he was shot, there is no doubt that they could recover for the loss of support, for Sec. 135 states that an action shall lie for injuries to means of support, caused by an intoxicated person, or in consequence of the intoxication of any person. It would be inconsistent to rule that a man's dependents can recover and that he, no matter how innocent cannot recover. The courts have consistently held that they will not interpret a statute so as to have absurd consequences result therefrom. *Harding* v. *Albert*, 373 Ill. 94."

The majority opinion of the Appellate Court denies the

right of action to an innocent party injured in a tavern brawl unless he can prove he received his injury directly from an intoxicated person involved in the altercation.

The pertinent part of section 14 before the 1955 amendments read as follows:

"Every husband, wife, child, parent, guardian, employer or other person, who shall be injured, in person or property, or means of support, *by any intoxicated person, or in consequence of the intoxication* * * * *of any person,* shall have a right of action in his or her own name * * * against any person or persons who shall, by selling or giving alcoholic liquor, have caused the intoxication, in whole or in part, of such person * * *." Ill. Rev. Stat. 1955, chap. 43, par. 135. (Emphasis added.)

The relevant parts of section 135 after the 1955 amendments are as follows:

*"Every person, who shall be injured, in person or property by any intoxicated person, shall have a right of action in his or her own name* * * * against any person or persons who shall, by selling or giving alcoholic liquor, have caused the intoxication, in whole or in part, of such person; * * * *An action shall lie for injuries to means of support, caused by an intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person,* resulting as aforesaid. Such action shall be brought by and in the name of the person injured or the personal representative of the deceased person, as the case may be, from whom said support was furnished, * * *." Ill. Rev. Stat. 1963, chap. 43, par. 135. (Emphasis added.)

The Appellate Court on rehearing stated that it was unable to determine to its satisfaction why the legislature eliminated the "in consequence of" cause of action from application to the personal injury case. Neither can we determine with certainty the reasoning of the legislature in eliminating the language, "in consequence of", from the part of the act dealing with injuries to persons or property,

and retaining it in the part dealing with injuries to means of support. It should be observed, however, that the 1955 amendments introduced for the first time a dichotomy into the act, separating the causes of action for injury to the person or property from those for injuries to loss of means of support. The most prevalent use of the "in consequence of" theory has been in support cases where the provider of the support was also the intoxicated person. The retention of the "in consequence" language in the loss-of-means-of-support part of the act was essential to avoid the elimination of the remedy of dependents of an intoxicated person. It does not necessarily follow that the language is essential to the cause of action asserted here.

We agree with the Appellate Court to the extent that we cannot reinstate by judicial fiat that which the legislature has consciously eliminated. However, we disagree with the majority opinion when it says that a "by" theory cannot be made out on the facts of this case.

In *St. Clair* v. *Douvas,* 21 Ill. App. 2d 444, at page 452 it was said : "Under the Act two causes of action are given : one for an injury resulting from the direct affirmative act of an intoxicated person, and the other for an injury resulting 'in consequence of the intoxication, habitual or otherwise.' *Whiteside* v. *O'Connors,* 162 Ill. App. 108; *Hill* v. *Alexander,* 321 Ill. App. 406. In any case where the injury is caused 'by' or 'in consequence' of the intoxication there must be shown a chain of causal connection, and in the case of an 'in consequence' injury, since the case of *Shugart* v. *Egan,* 83 Ill. 56, the rule in Illinois had been that the plaintiff is required to prove the element of proximate or effective cause. *Danhof* v. *Osborne,* 11 Ill.2d 77, citing *Cook* v. *Kirgan,* 332 Ill. App. 294. In cases of this type the statute creates the right in the plaintiff and imposes a duty upon the defendant." See *Hocker* v. *O'Klock,* 16 Ill. App. 2d 414.

We must consider whether the facts alleged in the complaint justify recovery under the "by" theory. Many cases

are cited by both parties on this question, but it would serve no useful purpose to discuss them because the facts in each clearly distinguish them from the case at bar. The rationale of the so-called "by" theory has not been changed since *King* v. *Haley,* 86 Ill. 106, where the court said: "The General Assembly have seen fit to enact that any one who may be injured by any 'intoxicated person,' either in his person or property, or means of support, may have a cause of action against the parties who may have caused the intoxica-. tion of the person who commits the injury, and we have no rightful authority by judicial construction to deprive such party of the right secured, which to him in many instances may be of the utmost value. What reason is there why there should not be an action for the direct damage done by a drunken person, as well as damages that arise in consequence of such intoxication?"

We have found no case in Illinois which states that the direct affirmative act of the intoxicated person must be performed on or done to the person injured. What is required under the theory of a "by" action is that the direct affirmative act of an intoxicated person must have a causal connection with the injuries sustained by the plaintiff. Mr. Justice Burke, in his dissenting opinion in the case, at bar, stated:

"Plaintiff seeks recovery on the basis that he was injured 'by' an intoxicated person as interpreted by the judicial decisions setting forth the element of a 'by' case. Under the reasoning in *St. Clair* v. *Douvas,* 21 Ill. App. 2d 444, plaintiff is required to prove a chain of causal connection between the intoxication and the injury. This was the law prior to the 1955 amendment. There is a chain of causal connection between the serving of liquor to the four men in the various bars and the injuries to plaintiff. This chain can be shown to exist starting with the serving of liquor to the four men, which in turn led to their intoxication, which in turn caused them to become quarrelsome and to start the fight which led to the wounding of plaintiff. A jury of

reasonable persons could find that the intoxication and fight caused the guard to pull the gun and fire at the men and inadvertently strike plaintiff. This evidence would establish a chain of causal connection between the intoxication and the injury which the courts have held to be necessary to show an injury 'by' an intoxicated person under the Dram Shop Act."

We concur in this reasoning. If an intoxicated person commits an act which has a direct causal relation to the injury of another, the injury is caused "by" the intoxicated person. If a drunken driver causes an innocent driver to leave the highway and injure a pedestrian, the pedestrian has been injured *by* the intoxicated person as much as if his vehicle had struck the injured person. We conclude that "by" as used in the Liquor Control Act is the equivalent of a causal relation between an act of the intoxicated person and the injury.

The statute was designed to give a substantial remedy and should be allowed to have effect according to its natural and plain meaning. Section 1 of article I of the Liquor Control Act states that the act shall be liberally construed to the end that the health, safety and welfare of the people of the State of Illinois shall be protected. Ill. Rev. Stat. 1963, chap. 43, par. 94.

It is clear that the legislature had the intention of protecting innocent parties from the acts of intoxicated persons. As previously mentioned, it is conceded by the defendants that if the plaintiff were married a loss of support action could be maintained by his wife and family. It would be absurd to say that the legislature by adopting the 1955 amendments intended to say that a man's dependents can recover but that the innocent man cannot recover for injuries to his own person. We hold that such a construction would be construing the statute in defeat of its purpose.

For the reasons stated, the judgment of the Appellate Court, First District, affirming the judgment of the lower

court is reversed and the cause is remanded to the circuit court of Cook County, with directions to proceed in accordance with this opinion.

*Reversed and remanded, with directions.*