John McDonald, a Minor, by Ellis L. McDonald, His Brother and Next Friend, Plaintiff-Respondent, v. Charles S. Risch, Defendant-Respondent.

John McDonald, a Minor, by Ellis L. McDonald, His Brother and Next Friend, Plaintiff-Respondent, v. Park Knight's Club, Inc., a Corporation, Defendant-Petitioner.

Gen. No. 66–61.

Second District.

December 28, 1967.

ABRAHAMSON, J., dissenting.

Moran, Klockau, McCarthy, Schubert and Lousberg, of Rock Island, for appellant.

Roszkowski and Paddock, of Rockford, for appellee.

MR. JUSTICE MARVIN BURT delivered the opinion of the court.

John McDonald, a minor aged 19, brought this suit by Ellis McDonald, his brother and next friend, against Charles Risch for personal injuries claimed to have been caused by defendant's negligence in the operation of his automobile. In a separate count in the same complaint plaintiff also joined the Park Knight's Club, Inc. charging that plaintiff was injured by Charles Risch while Risch was intoxicated as a result of the sale or gift of intoxicating liquor by Park Knight's Club.

A jury found in favor of both defendants and judgment was entered accordingly.

The court set aside the judgment in favor of Park Knight's Club on hearing the plaintiff's post-trial motion and ordered a new trial as to that defendant only. Leave was granted to said defendant to appeal.

Defendant contends the court abused its discretion in granting a new trial because the record is free from error, or if error was committed it was harmless and not prejudicial to plaintiff and for the further reason that if

error was committed, it was not occasioned by, nor attributable to that defendant.

Plaintiff, however, contends that the court committed error in refusing to admit into evidence certain written interrogatories submitted to defendant Park Knight's Club and its answers thereto relative to the serving of intoxicating liquor to Charles Risch at the club.

Plaintiff's evidence established that he was struck by a car driven by the defendant Charles Risch on North Second Street in Rockford, Illinois, on August 8, 1964; that shortly before the accident Risch had consumed a quantity of liquor in a tavern operated by defendant Park Knight's Club, Inc.; that plaintiff sustained serious bodily injury as a result of the accident. This evidence is not in dispute and was not seriously contested at trial.

In this appeal we are not concerned with the circumstances of the accident, but only with the propriety of the setting aside the judgment in favor of the defendant Park Knight's Club, Inc., based upon the sale of intoxicating liquor to Risch.

Plaintiff offered three witnesses on the issues of gift or sale of intoxicating liquor and intoxication. Under section 60 examination (Ill Rev Stats 1963, c 110), Risch testified that he went to the Park Knight's Club at 8 p. m. on the night of the accident accompanied by Patricia Seif and that between that time and shortly before 10 p. m., he had four 12-ounce bottles of beer. He denied feeling the effects of the liquor.

Wilson Lowery, the bar manager of Park Knight's Club, testified in behalf of the plaintiff. He said that Risch came into the club around 4 p. m. on August 8, 1964. Between that time and 6 p. m., Lowery served Risch two 12-ounce bottles of beer and one gin and squirt. Lowery left at 6 p. m. while Risch was still at the club. He did not return that evening. Risch categorically denied being in Park Knight's Club between the hours of

447

4 p. m. and 6 p. m., and denied drinking two bottles of beer and one mixed drink during that time at the club.

Joe Powers, a part-time bartender at the Park Knight's Club, also testified in behalf of plaintiff. He said that he came in to help Bill Farnan, another bartender, at about 9 p. m. on the date of the accident. In Powers' opinion, based on his observation of Risch at that time, the latter was intoxicated. After Powers and Farnan conferred on Risch's condition, Farnan asked Risch to leave. Risch was angry and left shortly thereafter. Powers served him a glass of 7-Up before he departed. He left without causing any disturbance and walked out all right.

Risch returned to the bar around 12 midnight and argued with Powers about whether he had been refused service earlier. In Powers' opinion Risch was no longer intoxicated at that time.

Deputy Bailey testified in behalf of defendants that he talked with Risch at the accident scene, but did not smell any beer or liquor on his breath. He said that if he had believed from Risch's appearance that he was intoxicated, he would have ordered a blood test. No such test was made.

Plaintiff offered in evidence, pursuant to an oral stipulation with counsel for Park Knight's Club, answers to written interrogatories propounded by the plaintiff. The answers were signed by Robert L. Ellison, attorney for the Club. They contained admissions of a sale of 5 or 6 bottles of beer and one mixed drink to Risch and a brief description of the incident concerning refusal of service.

Counsel for Risch objected to the admission of the answers to interrogatories on the ground that they were hearsay as to his client. The court sustained the objection and the offer was refused.

The main issue in this appeal is the propriety of the trial court's ruling excluding the interrogatories proposed to the defendant Park Knight's Club, Inc., by plain-

448

tiff and the answers thereto. Only two interrogatories are involved here, numbers three and six. Number three is as follows: "State the type and amount of alcoholic liquor consumed by Charles S. Risch in the Park Knight's Club, Inc., on said date." Interrogatory Number six read: "State whether Charles S. Risch was involved in any altercation at the Park Knight's Club, Inc., on said date." Objection was made that these interrogatories were incompetent as against the defendant Charles S. Risch, which they were, but appellant pointed out that evidence incompetent as to one defendant may be admissible as to another defendant, with its use and application limited by proper instructions from the court. Ill Rev Stats 1965, c 110, pars 101.19–10, 101.19–11; Consolidated Ice Mach. Co. v. Keifer, 134 Ill 481, 25 NE 799 (1890); Eich v. Sievers, 73 Ill 194 (1874); Clark v. Bazzoni & Co., Inc., 7 Ill App2d 334, 129 NE2d 435 (1955); Cleary Handbook of Illinois Evidence, Second Edition, § 7.9, page 108.

Park Knight's Club admitted in its answers to the interrogatories that Risch was served five or six bottles of beer and one mixed drink. Defendant Park Knight's Club, Inc., contends that even if the interrogatories had been admitted the evidence would have merely been cumulative evidence and the refusal to admit them in evidence was harmless error.

■ Illinois courts have uniformly held that the exclusion of evidence of a fact fully established by other evidence, or not disputed by the party against whom the evidence is offered, is harmless error. 3 Illinois Law and Practice, Appeal and Error, § 825. Braswell v. New York, C. & St. L. R. Co., 60 Ill App2d 120, 132, 208 NE2d 358 (1965); Johnson v. Country Life Ins. Co., 284 Ill App 603, 622, 1 NE2d 779 (1936). "An error in excluding evidence is not obviated, however, where the evidence admitted is not as broad or as comprehensive as that excluded, and the error is prejudicial where the evidence

449

excluded is of greater probative force than that admitted or where the evidence is conflicting and the exclusion of the testimony of one witness may have affected the result." 3 ILP, § 825.

There is a conflict in the testimony as to the quantity of alcohol consumed by Risch before the accident. Risch denied drinking in the afternoon hours between 4 p. m. and 6 p. m. on the day in question; whereas, the bartender Lowery testified that he did serve Risch two bottles of beer and one gin and squirt between those hours in the afternoon. Had the interrogatories been admitted into evidence the jury would have had before it an admission by the defendant Park Knight's Club that on the date in question Risch had been served a total of five or six bottles of beer and one mixed drink. Also, the jury could have considered the admission that Risch was refused any more drinks by the defendant Park Knight's Club. Thus, without these interrogatories and the answers it cannot be said that the quantity of alcohol consumed by Risch or the circumstance of the refusal have been fully established by other evidence, undisputed by the party against whom the evidence is offered.

 "An Admission of a party to the record is original, primary, independent and substantive evidence of the fact or facts covered thereby, and it may be used to make out the opponent's case by proving or disproving a fact in issue." 18 ILP, page 277. It is also well established that while an admission is not conclusive as a matter of law, it is one item of evidence which should be weighed together with all of the other evidence in the case. 18 ILP, page 263.

 Since the key issue was the degree of intoxication of Risch prior to the accident, any evidence on that point should be considered by the jury and it is reasonable to conclude that the jury might have reached a different result had it known that Park Knight's Club admitted that Risch consumed five or six bottles of beer and one

mixed drink and that Risch had been refused further service.

In the opinion of the court the trial court was correct in granting a new trial as to the defendant Park Knight's Club, Inc. and the decision of the trial court is, therefore, affirmed.

Affirmed.

MORAN, J., concurs.

ABRAHAMSON, P. J., dissents.