(No. 41188.—

JOHN McDONALD, Appellee, *vs.* CHARLES S. RISCH *et al.*— (Park Knight's Club, Inc., Appellant.)

*Opinion filed November 22, 1968.*

Klockau, McCarthy, Schubert, Lousbert & Ellison, of Rock Island, (Robert L. Ellison, of counsel,) for appellant.

Roszkowski and Paddock, of Rockford, (Stanley J. Roszkowski, of counsel,) for appellee.

Mr. Justice House delivered the opinion of the court:

The principal question presented by this appeal is whether a tavern operator can be held liable in a "by" theory under the Illinois Liquor Control Act for "an injury resulting from the direct affirmative act of an intoxicated person" (*Hernandez* v. *Diaz,* 31 Ill.2d 393, 397) when the act of the intoxicated person is not tortious.

John McDonald, a 19-year-old, by Ellis McDonald, his brother and next friend, brought this action in the circuit court of Winnebago County to recover damages for injuries he received when an automobile driven by Charles Risch struck him. Count I of the complaint was a common-law negligence action against Risch and count II was a statutory dramshop action against Park Knight's Club, Inc. A jury found for both defendants and in response to a special interrogatory found that Risch was not guilty of negligence which proximately caused or contributed to cause plaintiff's injury. Judgment was entered on the verdict, but after a hearing on plaintiff's post-trial motion, the court ordered a new trial only as to Park Knight's Club. Leave to appeal from this order was granted as to that defendant and the Appellate Court affirmed. (90 Ill. App. 2d 445.) We thereafter granted leave to appeal.

Here the jury made a special finding of fact that Risch was not guilty of negligence which proximately caused or contributed to cause plaintiff's injury, the trial court denied plaintiff's post-trial motion as to Risch, and since plaintiff

did not appeal from this order, he is now bound by it. Plaintiff argues, nevertheless, that under our holding in *Hernandez* v. *Diaz*, 31 Ill.2d 393, it is not necessary that the act of the intoxicated person be tortious but only that it "have a causal connection with the injuries sustained by the plaintiff."

In *Hernandez* the plaintiff was seated in a tavern when four intoxicated men unknown to him entered, purchased drinks, became rowdy and offensive, and were asked to leave by the tavern's guard. The four men became threatening, the guard pulled out his revolver and in the scuffle that followed a shot fired by the guard struck the plaintiff. The trial court dismissed plaintiff's complaint and the Appellate Court affirmed on the theory that in an action under the "by" theory the injury must be the immediate result of the act of the intoxicated person; *i.e.* the shot would have had to have been fired by one of the intoxicated persons and not the guard, in order for plaintiff to recover. In reversing this judgment we held that, "If an intoxicated person commits an act which has a direct causal relation to the injury of another, the injury is caused 'by' the intoxicated person." 31 Ill.2d 393, 399.

In *Hernandez* the question of whether the affirmative act of the intoxicated person must be tortious was not involved because the act of the intoxicated person was tortious. That case did not change the rule heretofore applied consistently by our appellate court that in an action under the "by" theory plaintiff's injury must be caused by a tortious act of an intoxicated person.

Since the plaintiff is now bound by the jury finding that Risch was not guilty of negligence which proximately caused or contributed to cause plaintiff's injury, there is nothing that could be accomplished in a new trial as to defendant Park Knight's Club. For this reason the judgment of the Appellate Court, Second District, is reversed.

*Judgment reversed.*