PAUL LANG *et al.*, Plaintiffs-Appellants, *v.* B. I. T., INC., *et al.*, Defendants-Appellees.

Third District    No. 80-369

Opinion filed April 30, 1981.

Edward G. Vogt, of Kankakee, for appellants.

James T. Ferrini, William J. Oberts, and Elizabeth Whinery, all of Chicago, and Raymond J. Conklin, of Rock Island, for appellees.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

The plaintiffs in this cause brought suit in the Circuit Court of Kankakee County against the defendants, two dramshops. The action was premised on a theory of statutory liability under the Liquor Control Act (Ill. Rev. Stat. 1979, ch. 43, par. 135) and the plaintiffs sought to recover damages for injuries suffered by Paul Lang in an automobile collision which occurred on February 13, 1979. At a trial in the circuit court, after plaintiffs had presented their evidence, the court directed a verdict in

favor of both defendants. The plaintiffs believe the action of the circuit court was incorrect and have sought our review.

The evidence presented below establishes that James Coryell got off work at approximately 3 p.m. on the date in question. After checking his mail at the Bradley Post Office, he went to the tavern owned by defendant B.I.T., Inc. There he drank three or four glasses of beer and also shared three or four pitchers of beer with five or six other people. At about 5:15 p.m., Coryell took his brother-in-law, Sam Hooker, to the latter's home and then went to the B Back N, a dramshop owned by defendant Anna McLaren. There he also drank beer, according to his recollection one bottle of Pabst Blue Ribbon.

After finishing his beer Coryell left the B Back N and drove north on Route 50. Route 50 is a four-lane thoroughfare with two lanes northbound and two lanes southbound. On this particular occasion the highway was wet and vehicles were traveling with headlights illuminated. Three-fourths of a mile north of the intersection of Route 50 and Robert Hall Road, Coryell's auto was involved in a three-car collision, resulting in injury to the plaintiff Paul Lang.

Lang was a passenger in a vehicle driven by Sidney L. Johnson. The Johnson auto was also northbound on Route 50 and apparently preceded the Coryell vehicle by an undetermined distance. Johnson was in the inside, northbound lane attempting to make a left turn. Coryell was in the same lane. At the same time, Paul Moore was traveling southbound in the inside lane driving a 1974 Chevy pickup. As Moore approached what was to be the scene of the collision, he observed Johnson's vehicle in a stopped position with its wheels crimped ready to make a left turn. Then, in a matter of seconds, the Johnson vehicle turned or moved into the path of Moore, and Coryell saw an auto's lights come toward him from the southbound inside lane. Both Coryell and Moore crashed into the Johnson vehicle in which Paul Lang was riding.

It is the plaintiffs' contention that James Coryell became intoxicated at the dramshops operated by the defendants, drove his car into the rear end of the stopped Johnson vehicle, and pushed the latter auto into the path of Moore's truck. The trial judge concluded that based on the evidence presented, as summarized here, a verdict for the plaintiffs could not be sustained. We agree, based on two elements missing from the plaintiffs' case.

■■ According to statute, "[e]very person who is injured in person or property by any intoxicated person, has a right of action in his own name, * * *, against any person who by selling or giving alcoholic liquor, causes the intoxication of such person." (Ill. Rev. Stat. 1979, ch. 43, par. 135.) The courts have defined intoxication to mean the consumption of alcohol resulting in impairment of bodily function.

"It is not enough that the evidence prove only that the alleged intoxicated person consumed alcohol. 'A jury verdict under such circumstances would be based on pure conjecture since each individual's capacity for alcohol intake varies; therefore, a jury question as to intoxication is not made out by merely proving that one had consumed alcohol.' (*Felker v. Bartelme*, 124 Ill. App. 2d 43, 48, 260 N.E.2d 74.) However, evidence that the alleged intoxicated person consumed alcoholic liquor, together with evidence of unusual behavior or opinion evidence that he was drunk, would entitle a jury, under such circumstances, to conclude that the person was intoxicated. [Citations.]" (*Weiner v. Trasatti* (1974), 19 Ill. App. 3d 240, 244, 311 N.E.2d 313, 317.)

The record before us contains unrefuted evidence of consumption. Absent from the record is any opinion evidence of intoxication. We likewise find missing any proof of unusual or erratic behavior. The plaintiffs would have us find erratic behavior in Coryell's speed of travel, but the only reliable evidence, direct or circumstantial, of Coryell's speed established that he was traveling 10 to 15 miles per hour below the posted limit. This does not constitute erratic behavior, even though road conditions were less than ideal because of wet pavement. The record fails to establish that Coryell was intoxicated at the time of the collision, and for that reason alone the circuit court's decision must be affirmed.

■■ We find another equally fatal flaw in the evidence presented by the plaintiffs in the proceeding below. Before civil liability is imposed under the Liquor Control Act, it must be shown that the act of the intoxicated person had a causal connection with the injuries sustained, and that same act must be tortious. (*Hernandez v. Diaz* (1964), 31 Ill. 2d 393, 202 N.E.2d 9; *Clifton v. Nardi* (1978), 65 Ill. App. 3d 344, 382 N.E.2d 514; *Reese v. Roth* (1978), 62 Ill. App. 3d 937, 379 N.E.2d 932.) In the instant case, we believe plaintiffs failed to prove that the tortious act of Coryell caused Paul Lang's injuries.

The record reflects that this was a three-vehicle collision. It is clear that Johnson's auto was involved in a collision with the Moore truck, which had been traveling in the inside, southbound lane. It is also clear that Johnson's auto was involved in a collision with the northbound Coryell vehicle. What is unclear, and what must be proved before a causal connection is established, is whether Johnson's auto turned in front of Moore's truck, was struck and propelled back into Coryell's path, or whether the Coryell vehicle struck Johnson's auto pushing it into Moore's path.

■■ Liability cannot be premised upon surmise or conjecture as to the cause of the injury; evidence must be presented which purports to establish with reasonable certainty the act which caused the injury.

(*Murphy v. Messerschmidt* (1976), 41 Ill. App. 3d 659, 355 N.E.2d 78, *aff'd and rem'd* (1977), 68 Ill. 2d 79, 368 N.E.2d 1299; *Hagerman v. National Food Stores, Inc.* (1972), 5 Ill. App. 3d 439, 283 N.E.2d 321.) Where the sequence in which events occurred is determinative of the element of causation, then the plaintiffs have the burden of proving which event occurred first. (*Payne v. Murphy Hardware Co.* (1978), 62 Ill. App. 3d 803, 379 N.E.2d 817.) This record is devoid of that proof.

There is no testimony by any driver or passenger of the three vehicles involved as to which collision first occurred. There is no testimony by an accident reconstruction expert which establishes with the expert's reasonable certainty the sequence of the three collisions. As this matter cannot be left to surmise or conjecture, the circuit court correctly directed a verdict for the defendants.

With proof of two elements missing from plaintiffs' case, only a verdict for the defendants could be sustained. That being so, the circuit court's directed verdict for the defendants is affirmed.

Affirmed.

BARRY and HEIPLE, JJ., concur.