WILLIAM TELLONE *et al.*, Plaintiffs-Appellants, v. NORTH SHORE DODGE, INC., d/b/a Gregory Dodge, *et al.*, Defendants-Appellees.

Second District    No. 2—94—0973

Opinion filed May 4, 1995.—Rehearing denied May 26, 1995.

James J. DeSanto, of James J. DeSanto, P.C., of Libertyville, for appellant.

James K. Horstman, of Williams & Montgomery, Ltd., of Chicago, for appellee North Shore Dodge, Inc.

John D. Moss and Gregory R. Spelson, both of Moss, Hillison & Mordini, of Chicago, for appellee Cynthia Iacch.

JUSTICE RATHJE delivered the opinion of the court:

Plaintiffs, William Tellone (Tellone) and the City of Highland Park (City), filed a multicount complaint against defendants, North Shore Dodge, Inc. (NSD), and Cynthia Iacch (Iacch), seeking damages for injuries Tellone suffered in an automobile accident. During the jury trial, the City's case was severed from that of Tellone. The jury found in favor of all the remaining defendants and against Tellone. Tellone appeals from the jury's verdict, raising the following issues: (1) whether the trial court erred in permitting a letter of reprimand against Tellone to be admitted into evidence; and (2) whether Tellone was deprived of a fair trial by the conduct of Iacch's attorney during closing argument. We reverse and remand for a new trial.

We note that Tellone does not challenge the jury's verdict as against the weight of the evidence. Moreover, a detailed review of the testimony at trial in this case is unnecessary for our determination of the issues raised in this appeal. Suffice it to say that on February 11, 1989, Tellone, a police officer for the City, was responding to a report of a burglary. According to Tellone, he proceeded eastbound on Park Avenue at a speed in excess of the speed limit which he believed to be 30 to 35 miles per hour. Tellone did not activate his oscillating lights or his siren. According to Tellone, as he approached the intersection of Sunnyside and Park, he noticed a vehicle, which he later alleged was driven by Iacch, proceeding northbound on Sunnyside. The vehicle did not appear to stop at the stop sign on Sunnyside. In attempting to avoid the vehicle, Tellone's squad car entered a drainage ditch, and he was injured as a result.

Tellone contends, first, that the trial court erred in permitting a letter of reprimand against him to be admitted into evidence. The letter was prepared by the accident review board and was from the

City of Highland Park department of public safety, police and fire departments to Tellone. Prior to the admission of the letter, Daniel Dahlberg, the City's police chief, testified that the accident review board was an arm of the police department and that the board reviewed all accidents such as the one in which Tellone was involved. The letter, which was read to the jury, stated as follows:

"On February 11, 1989 at 1:10 pm, you were involved in an automobile accident while driving squad car No. 92. After reviewing the facts, the accident review board feels that you were negligent in your actions and that you contributed to this accident by responding to a burglar alarm call without using your emergency lights or siren.

Had your emergency lights and siren been activated, you might not have had to take evasive action when you thought a vehicle approaching you on Sunnyside at Park Avenue West may not stop at the stop sign or might approach too far into the intersection."

The document was signed by William Dowling, deputy chief; Lieutenant Larry Warnky; and Sergeant Earnest Castelli.

At the time that the letter was admitted into evidence, the City was still a party plaintiff. The trial court admitted the letter into evidence solely against the City on the basis that it was an admission by agents of the City against the City. Both prior to and following the reading of the letter to the jury, the trial court instructed the jury that the letter was to be considered by it only as to the case brought by the City and that it could not be considered in the case brought by Tellone.

After the close of all the evidence, the trial court determined that the letter of reprimand should not have been admitted against the City, since Tellone's negligence was not an issue in the City's case in which the City was seeking payment of its worker's compensation lien. Pursuant to the stipulation of the parties, the trial court severed the City's case from that of Tellone. The trial court then instructed the jury that the City was no longer a party to the case and that, as a result, the letter of reprimand was not evidence, no longer a part of the case, and should not be considered in any way in deciding the outcome of Tellone's case.

The majority of Tellone's arguments deal with the admissibility of the letter in the first instance. At trial, NSD conceded that the letter was inadmissible against Tellone. However, NSD argues that the letter was admissible against the City because in its complaint the City also sought reimbursement for additional labor expenses during Tellone's recuperation, in addition to payment of its worker's compensation lien. However, in view of the trial court's subsequent

ruling that the letter was not admissible, we need only focus on whether Tellone was prejudiced or the outcome of the trial was unduly affected by the admission of the letter.

Trial error warrants reversal only if the error prejudiced the appellant or unduly affected the outcome of trial. (*Lounsbury v. Yorro* (1984), 124 Ill. App. 3d 745, 751.) This is especially true where, as was the case at bar, the appellant has not contended that the verdict is against the manifest weight of the evidence. *Lounsbury*, 124 Ill. App. 3d at 751.

■ Evidence incompetent as to one defendant may be admissible as to another defendant, with its use and application limited by proper instructions from the court. (*McDonald v. Risch* (1967), 90 Ill. App. 2d 445, 449, *rev'd on other grounds* (1968), 41 Ill. 2d 242.) In this case, the trial court carefully explained to the jury that the letter of reprimand was admissible only against the City and not against Tellone. Moreover, when the trial court determined that the letter should not have been admitted against the City, it again instructed the jury that the letter was not in evidence and should not be considered by them for any reason.

However, even if evidence is relevant it may not be admissible if its probative value is substantially outweighed by the danger of unfair prejudice; it is a matter for the sound discretion of the trial court. (*Healy v. Bearco Management, Inc.* (1991), 216 Ill. App. 3d 945, 959.) Under normal circumstances, we would deem these instructions to the jury by the trial court to have been sufficient to protect Tellone from prejudice. Because of the contents of the letter of reprimand, which bear directly on the issue of Tellone's negligence, and the impact of the other errors raised by Tellone in this appeal, we conclude that Tellone was substantially prejudiced by the admission of the letter into evidence and that the admission of the letter, in addition to other errors we will discuss below, adversely affected the outcome of the trial.

In *Lange v. Coca-Cola Bottling Co. of Chicago, Inc.* (1969), 105 Ill. App. 2d 99, *rev'd on other grounds* (1969), 44 Ill. 2d 73, a doctor, testifying as plaintiff's expert witness, when asked for his opinion of plaintiff's prognosis, testified that he was reluctant to answer the question while plaintiff's wife remained in the courtroom. After the wife left the courtroom, the doctor testified that plaintiff had less than two to three years to live. The doctor's answer was stricken, and the jury was instructed to disregard the answer.

On appeal, the reviewing court stated as follows:

"We agree with the defendant that the remark by Dr. Atlas that he was reluctant to give an opinion with the plaintiff's wife

in the courtroom and the withdrawal of the wife from the room caused the defendant irreparable prejudice even though the answer was stricken and the jury told to disregard it. The episode improperly emphasized the Doctor's prognosis. We do not think the impact of this improper conduct by a specialist in the presence of the jury could possibly be erased from the minds of the jurors, even though the answer was stricken." *Lange*, 105 Ill. App. 2d at 108.

The reviewing court went on to hold that the above error was further compounded by plaintiff's closing argument reference to the fact that Dr. Atlas wished to have the plaintiff and his wife out of the courtroom during closing argument. The reviewing court noted that the failure of the defendant to object to the statement was understandable given that such an objection would have only served to emphasize the improper argument. 105 Ill. App. 2d at 109.

■ In the case before us, the letter of reprimand clearly set forth that Tellone was guilty of negligence, a key issue in this case. Even though the jury was instructed that the letter was admissible only against the City, it would be almost impossible for the jury to compartmentalize such a damaging piece of evidence. Moreover, prior to closing arguments, the trial court stated to the jury as follows:

"Since the City of Highland Park is no longer a party to this case, that means that any evidence that was admitted solely against the City of Highland Park can no longer be considered by you, the jury, because Highland Park isn't a party any more. The only piece of evidence that I admitted solely as to the City of Highland Park was Defendant North Shore Dodge's Exhibit A which was the accident review board memorandum dated July 25, 1989, signed by Deputy Chief William Donnelly [*sic*] Lieutenant Larry Warnicky [*sic*], and Sergeant Earnest Costelli [*sic*] that concerned a statement or statements made by the accident review board concerning whether or not Mr. Tellone should have had lights or siren on. This Defendant's Exhibit A was the only piece of evidence that I allowed in specifically and only as to the City of Highland Park.

Since the City of Highland Park is no longer a party to the case, neither is this document a part of the case. So in your deliberations you are not to consider Defendant's Exhibit A, this letter by the accident review board in any way in deciding the case. This letter is not in evidence, shall not be considered by you as evidence in any way in deciding the case."

In this case, the trial court's efforts to remove the letter from the jury's consideration only served to emphasize the contents of the letter to it. Thus, rather than protecting Tellone from prejudice, the

trial court's instructions actually resulted in reinforcing the contents of the letter to the jury. It is inconceivable that the jury in this case was not unduly influenced by the statements in the letter as to Tellone's negligence.

NSD contends that since the jury also found in its favor on the strict liability in tort count, in which Tellone's negligence would not have been a factor, the jury was not unduly influenced by the admission of the letter. However, given the contents of the letter and the unfortunate instructions that reemphasized the letter to the jury, we cannot say that the jury was not unduly influenced by the contents of the letter into finding against Tellone, even on a count unrelated to his negligence.

We conclude that the judgment must be reversed and the cause remanded for a new trial. Since we reach this conclusion on the basis of the letter of reprimand, we need not address Tellone's allegations of error during closing argument. However, we find it necessary to address two of the comments cited as error for the edification of both the court and counsel.

Tellone contends that remarks made during closing argument by the attorney for Cynthia Iacch, Alexandria Demos-Kardasis of the law firm of Moss & Hillison, deprived him of a fair trial.

During a discussion outside the presence of the jury, the attorney for Tellone stated that the parties had agreed that a memorandum of the bills would go to the jury rather than the actual bills. The attorney for NSD responded that was agreeable to him. Ms. Demos-Kardasis stated, "If that's the way he wants to do it, that's fine."

Tellone argues that Ms. Demos-Kardasis violated the agreement when during her closing argument she stated as follows:

"Some bills—actually some pieces of paper are going into evidence and you will be able to see them. A summary of bills. Why didn't they put the bills into evidence?"

Tellone's attorney immediately objected. The objection was overruled. However, the trial court stated that it would permit Tellone to reopen his case and move to admit the bills in response to the argument. Tellone points out that since the bills contained references to workers' compensation payments and insurance payments, which had not been excised in reliance on the above agreement, they could not be given to the jury. Thus, the jury was left with the impression that Tellone was "hiding something."

NSD argues in response that Ms. Demos-Kardasis did not indicate her agreement by her statement, "if that's what he wants to do." However, Tellone's attorney stated that the parties had reached an agreement with regard to submitting the memorandum rather than

the bills themselves. Ms. Demos-Kardasis' response was in no way a disagreement with the proposed plan.

■ The trial court erred in failing to sustain the objection to the above-quoted portion of Ms. Demos-Kardasis' closing argument. Moreover, the proffered solution, to allow Tellone to reopen his case to admit the bills themselves into evidence, would not have cured the error. It would have been difficult to remove from the bills the evidence that they had been paid. More importantly, however, Ms. Demos-Kardasis' remark planted the thought in the jury's mind that, for some reason, Tellone did not want the jury to see the bills. Because the trial court overruled the objection, Tellone did not even receive a cautionary instruction to the jury.

■ Next, Tellone argues that the following remark by Ms. Demos-Kardasis violated a trial court order barring reference to collateral source payments:

"Ladies and gentlemen, the Judge is going to tell you that the plaintiff is entitled only to reasonable and necessary medical expenses. These bills have already been paid, ladies and gentlemen, and the plaintiff's attorney is seeking a money judgment from my client."

The trial court sustained Tellone's objection to the remark and instructed the jury to disregard it. Typically, that action by the trial court can be sufficient to remove any prejudice that may have resulted from the improper remark. See *Tzystuck v. Chicago Transit Authority* (1988), 124 Ill. 2d 226, 245.

NSD argues that the remark told the jury no more than Tellone did when he testified that his medical bills had been paid. In his testimony, Tellone did state that the bills had been paid but did not state by whom they were paid. However, the remark about the bills immediately followed Ms. Demos-Kardasis' remark questioning why the bills themselves were not placed into evidence. The juxtaposition of the two remarks certainly left room for the jury to speculate how the bills were paid. If the remark did not violate the technical letter of the court order, it certainly violated the spirit of the order.

Neither of these remarks, standing alone, is sufficient to require a new trial in this case. However, more importantly, the remark marks the second time in this case that Ms. Demos-Kardasis ignored a court order or court-sanctioned agreement. " 'A trial properly conducted is a dignified procedure. Counsel in the case are officers of the court and owe a duty to the court, to opposing counsel, to the cause of justice and to themselves.' " (*Cecil v. Gibson* (1976), 37 Ill. App. 3d 710, 711, quoting *Eizerman v. Behn* (1956), 9 Ill. App. 2d 263, 286.) We soundly condemn this lack of civility and courtesy on the part of Ms. Demos-Kardasis to opposing counsel and the trial court.

At this juncture, we must also point out that in her appellee's brief Ms. Demos-Kardasis makes no attempt to address Tellone's allegations of error in her closing argument. Instead, in a $1^1/_2$-page brief, she states that because there was no evidence that Iacch was negligent the jury verdict should stand. Ms. Demos-Kardasis' failure to address allegations as to her own conduct in closing argument does a disservice to her client in that this court does not have the benefit of her responsive argument in determining the validity of Tellone's allegations against her. Instead, she left NSD to make her arguments for her. We heartily disapprove of such conduct on the part of appellate counsel.

The judgment of the trial court is reversed and the cause remanded for a new trial.

Reversed and remanded.

INGLIS and THOMAS, JJ., concur.